### FLYNN v. MANHATTAN RY. CO.

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. APPEAL—REVIEW—DISCRETION OF TRIAL COURT.
   It is discretionary with the trial court to strike out improperly admitted testimony of a so-called expert, where the competency of such expert was not challenged by a sufficient objection.

2. PLEADING—BILL OF PARTICULARS—VARIANCE.
   Where a letter of plaintiff's attorney was treated on trial as a bill of particulars, it was error for the court, against defendant's protest, to allow a material variation from the letter in the proof of the plaintiff's cause of action.

3. ELEVATED RAILROAD COMPANIES—FIRES—EVIDENCE.
   In an action against an elevated railroad company for burning plaintiff's awning by a spark from one of its engines, the evidence of a member of the board of examiners was material and relevant to show the qualification of the man in charge of the engine from which the spark probably came.

4. SAME—EVIDENCE—REFRESHING MEMORY.
   Defendant proposed to prove that the engines which passed plaintiff's premises just before the injury had been examined and found in good order, but the witness could not recollect which engines he had inspected, and so defendant inquired if he had a memorandum by which he could tell. *Held,* that the exclusion of the question was error, as it is assumed that the witness had a memorandum, and could have used it to refresh his memory.

Appeal from district court.

Action by Peter Flynn against the Manhattan Railway Company for damages for negligently burning plaintiff's awning by sparks from defendant's engine. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before BISCHOFF and PRYOR, JJ.

*Julien T. Davies* and *Byron Traves,* for appellant. *Lamb, Osborne & Petty,* for respondent.

PER CURIAM. Undoubtedly the testimony of the so-called expert should not have been received, but his competency was not challenged by a sufficient objection, and it was discretionary with the court whether to strike out his evidence.

Other errors, however, require a reversal of the judgment. It is not to be denied that the letter of plaintiff's attorney was treated on the trial as a bill of particulars, and yet he was allowed, against defendant's protest, to depart from it in the proof of the cause of action; and the variance was material, for presumably defendant had come prepared to show the sufficiency of its engines that passed plaintiff's place between 12 and 1 o'clock, but was altogether unprovided with proof as to the condition of those that passed between 1:30 and 1:45.

The court should have confined the evidence to the specification in the bill of particulars, or else have accorded defendant an opportunity to confront the changed position of the plaintiff.

Again, defendant called a member of the board of examiners to show the qualification of the man in charge of the engine which probably inflicted the injury complained of; but the court excluded the evidence as "immaterial and irrelevant." Immaterial and irrelevant it certainly was not, upon the ques-

tion of defendant's negligence, to show that its train was run by skillful and careful engineers, any more than to prove that its spark arresters were effective for the purpose.

Still again, defendant proposed to prove that the engines which passed plaintiff's premises just before the injury had been duly examined and found in good order; but the witness could not recollect what engines he had inspected. Thereupon defendant inquired if he had a memorandum by which he could tell what engines he examined, but the question was excluded. We are to assume that the witness had such memorandum, and that he could have used it to refresh his memory, if not, indeed, have introduced it in evidence as a paper correctly recording a fact since escaped the recollection of the witness.

Upon examination of the evidence, we are convinced that it will be in the interest of justice to direct a retrial of the cause.

Judgment reversed, and new trial ordered, costs to abide event.